SHADDY v. YOUNT

[No. 27,369. Filed February 27, 1940. Rehearing denied March 25, 1940.]

*Holmes & Holmes,* of Indianapolis, for appellant.

*W. E. Clark* and *Albert J. Fields,* both of Bedford, for appellee.

FANSLER, J. —This is an action in tort for damages. The appellant alleges in his complaint that the appellee wrongfully, maliciously, and with intent to injure plaintiff, revoked, or attempted to revoke, the plaintiff's

license to teach school; and entered an order revoking his license, and certified and caused the order to be entered in the records of the State Board of Education. All this is alleged to have occurred in the year 1919.

This action was begun on the 8th day of December, 1933. There was a demurrer to the complaint, which raised the question of whether the action was barred by the statute of limitations. This demurrer seems to have been overruled. It appears that there was an answer in four paragraphs, the character of which is not disclosed by the brief. The cause was tried by the court without a jury, and there was a finding and judgment for the defendant. A motion for a new trial, on the ground that the decision of the court was not sustained by sufficient evidence, and that it was contrary to law, was overruled. This ruling is assigned as error.

The rules of this court (5th clause of rule 18) provide: "If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement (in the appellant's brief) shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely." There is no condensed recital or resume of the evidence contained any place in the brief. It is well settled that the court will not search the record to find cause for reversal.

Copied into the appellant's brief is a long statement made by the trial judge in deciding the case. There was no request for a special finding, and this does not purport to be a special finding, and it is not a part of the record. In this statement, however, certain things are set out as having been proven, and the judge concludes that the evidence does not sustain any of the material allegations of the complaint. It appears that the judge did not consider it necessary to determine

whether the statute of limitations had run, since there was an entire failure of proof. Why the appellant brought this statement into the brief is not apparent, but, if he disagrees with the judge concerning the facts proven, he has not taken the pains to point out any evidence which is inconsistent with the conclusions drawn in the written statement.

Since the evidence, or a condensed recital thereof, is not set out in the brief, no question as to the sufficiency of the evidence is presented, and, since no other question is sought to be presented, the judgment must be affirmed.

Judgment affirmed.

NOTE: Reported in 25 N. E. (2d) 450.